UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| CYRUS II LIMITED PARTNERSHIP, | § § | CASE NO. 04-43718-H4-11 (Chapter 11) |
| DEBTOR. | § § | |

### EMERGENCY MOTION TO PROHIBIT USE OF CASH COLLATERAL

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING, AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

Wells Fargo Bank Minnesota, N.A. ("Wells Fargo"), Trustee under a Pooling and Servicing Agreement dated November 1, 1999, for the Merrill Lynch Mortgage Investors Inc. Commercial Mortgage Pass-through Certificates Series 1999-C1 (the "Trust"), through its Special Servicer and Agent, ORIX Capital Markets, LLC ("ORIX"), a secured creditor and party-in-interest in this Chapter 11 case, files this Emergency Motion to Prohibit Use of Cash Collateral ("Motion").

## Jurisdiction

1. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (M) and (O). The Court may grant the relief requested in this Motion pursuant to 11 U.S.C. §§ 105 and 363.

## Background

2. On September 29, 2004, (the "Petition Date"), Cyrus II Limited Partnership (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The filing appears to be a bare bones filing with incomplete schedules of assets and liabilities, and no statement of financial affairs or any other matters that one might ordinarily expect with a business bankruptcy filing. The filing was made on the eve of a closing for the sale of the real property commonly referred to as the Arlington Apartments located in Harvey, Louisiana (the "Property") to third party as ordered by the Louisiana State Court.

3. Although the Debtor would ordinarily be authorized to continue to operate its business and manage its affairs under sections 1107 and 1108 of the Bankruptcy Code, it does not appear that the Debtor has exercised such authority in a manner consistent with the purpose of pursuing a reorganization of its affairs.

4. On information and belief, the Debtor has no employees nor has it conducted apartment management activities for at least the last two and one-half years. The Louisiana State Court appointed Latter & Blum Property Management as keeper for the Property in March 2002.

5. On July 6, 1999, the Debtor executed the mortgage note (the "Note") through its general partner, Bahar Development, Inc. ("Bahar") in the original principal amount of $6,400,000.00.

6. The Note is secured by a Mortgage, Security Agreement and Assignment of Leases and Rents (the "Security Agreement") dated July 6, 1999, by the Debtor in favor of Love Funding Corporation, pursuant to which the Debtor granted Love Funding Corporation a first priority security interest in the land described in Exhibit A to the Security Agreement, and the buildings, other constructions, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and improvement now or hereafter located thereon (the "Improvements"). In addition, on July 6, 1999, the Debtor executed that certain Assignment of Leases and Rents (the "Assignment") in favor of Love Funding Corporation. The Note, the Security Agreement and the Assignment are collectively referred to as the "Loan Documents." Consistent with the Loan Documents, all rents and profits from the leases and subleases at the Property constitute cash collateral of the Trust pursuant to section 363 of the Bankruptcy Code. The Trust is the owner and holder of the Loan Documents.

### The Trust Does Not Consent to the Debtor's Use of Cash Collateral

7. Prior to the appointment of Latter & Blum as keeper, the Debtor and its principals had seriously mismanaged the Property, which was at material risk of being dissipated and injured. Latter & Blum stabilized the Property, continues to manage and operate the Property and collects the rents and pays the bills. With the commencement of this case, pending resolution of ORIX's Emergency Motion to Permit Keeper to Retain Possession and Control of the Property [docket no. 2], the Debtor may choose to displace Latter & Blum and collect rents from the tenants. As rent is due on the first of the month, there exists substantial risk that the Debtor may take action to collect and spend the rents.

8. Wells Fargo does not consent to the Debtor's collection of rents or any use of its cash collateral. To the extent that Debtor intends to use cash collateral or has in fact collected rents, any collection of rents or use of cash collateral to this point has been unauthorized. ORIX

requests that the Court enter an order prohibiting the Debtor from collecting rents or using cash collateral absent consent by ORIX or approval by the Bankruptcy Court after notice and hearing. ORIX would consent to collection of rents and use of cash collateral by Latter & Blum, such that the Property is maintained and operated in a manner consistent with Latter & Blum's operations over the last two and one-half years.

9. The Debtor's actions in this case do not suggest to ORIX that the Debtor intends to pursue this case in a reasonable manner calculated to result in reorganization or the expeditious sale of the Property. Similarly, the Debtor has requested ORIX's consent to collect or use cash collateral nor has it offered adequate protection to ORIX for the Trust's interests in cash collateral.

10. ORIX reserves all rights with respect to liability of the Debtor, its principals and Debtor's counsel for any unauthorized use of cash collateral.

11. ORIX requests emergency consideration and hearing on this Motion as the Debtor's business cannot be operated without use of cash collateral and there exists substantial risk of permanent diminution of the cash collateral if the Debtor has the unregulated opportunity to collect and spend cash collateral.

WHEREFORE, PREMISES CONSIDERED, Wells Fargo requests that this Court enter an order (i) prohibiting the Debtor from using Cash Collateral; and (ii) granting other just relief under law or equity.

**Dated: September 30, 2004**

        Respectfully submitted,

        **WINSTEAD SECHREST & MINICK P.C.**
        910 Travis Street
        Houston, Texas 77002
        (713) 650-8400 (telephone)
        (713) 650-2400 (facsimile)

By:    _/s/Joseph G. Epstein_
        Joseph G. Epstein
        Texas Bar No. 06639320
        S.D. Tex. No. 11733
        Berry D. Spears
        State Bar No. 18893300
        Jeffrey L. Joyce
        State Bar No. 11035400

- AND -

R. PATRICK VANCE
(La. Bar No. 13008)
(SDTX. Bar No. 30331)
NAN ROBERTS EITEL (La. # 19910)
CORINNE G. HUFFT (La. #26892)
**JONES, WALKER, WAECHTER, POITEVENT,**
**CARRÈRE & DENÈGRE, L.L.P.**
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Telecopier: (504) 582-8011

ATTORNEYS FOR WELLS FARGO BANK MINNESOTA, N.A., THROUGH ITS AGENT, ORIX CAPITAL MARKETS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served by U.S. Mail, postage prepaid to all parties on the attached Service List on September 30, 2004.

                                             */s/Joseph G. Epstein*
                                          Joseph G. Epstein

## SERVICE LIST

**Debtor**
Cyrus II Limited Partnership
806 Main Street, Suite 1210
Houston, TX 77002

**Debtor's Counsel**
P.J. Murphey Harmon
Law Offices of P.J. Murphey Harmon
4140 Bank of America Center
Houston, TX 77002

**U.S. Trustee**
Nancy L. Holley
515 Rusk, Suite 3516
Houston, TX 77002

Jefferson Parish, Louisiana
200 Derbigny Street, 1st Floor
Gretna, Louisiana 70054