UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
RICHARD W. SIMMONS
UNITED STATES TRUSTEE
NANCY L. HOLLEY
TRIAL ATTORNEY
515 Rusk, Ste. 3516
Houston, Texas  77002
Telephone: (713) 718-4650
Facsimile:  (713) 718-4680

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NUMBER |
| | § | |
| CYRUS II LIMITED PARTNERSHIP | § | 04-43718-H4-11 |
| | § | (CHAPTER 11) |
| DEBTOR | § | |

**UNITED STATES TRUSTEE'S MOTION TO  DISMISS BANKRUPTCY CASE**

*******************************************************************************
**LOCAL RULE 9013(b) NOTICE:  IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING, AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING.  YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.**

**IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER.  IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY DAYS, YOU MUST RESPOND WITHIN THAT TIME.  IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS.  IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.**
*******************************************************************************

TO:   THE HONORABLE VISITING JUDGE
        UNITED STATES BANKRUPTCY JUDGE

      COMES NOW, THE UNITED STATES TRUSTEE, ("UST"), through the undersigned counsel and respectfully moves this Court pursuant to  11 U.S.C. §1112 and BLR

1017, dismissing this case for want of prosecution and inability to reorganize. In support thereof, the UST represents and alleges as follows:

1.  Richard W. Simmons is the United States Trustee for the Southern and Western Districts of Texas.

2.  The United States Trustee is an officer of the United States Department of Justice. 28 U.S.C. §581. His duties are set forth in 28 U.S.C. §586, 11 U.S.C. §307 and throughout the Bankruptcy Code, 11 U.S.C. §101, et. seq.

3.  The UST is imposed with certain administrative responsibilities pursuant to 28 U.S.C. §586(a), which include the supervision of the administration of cases and trustees under chapters 7, 11, 12 and 13 of the Bankruptcy Code. To carry out this responsibility, the UST was given standing to raise and be heard on any issue in any case or proceeding. 11 U.S.C. §307.

4.  CYRUS II PARTNERSHIP LIMITED PARTNERSHIP, the "Debtor", filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on September 29, 2004.

5.  A matrix should have been filed in this within five (5) days of filing or by October 4, 2004. No matrix has been filed as of this motion preventing setting of a 341 meeting of creditors in this case.

6.  Complete Schedules and a Statement of Financial Affairs should have been filed in this case within fifteen (15) days of filing or by October 14, 2004. Incomplete, partial schedules A, B, D, and E were filed with the petition on September 29, 2004. No Schedules F, G, or H were filed. No Statement of Financial Affairs was filed. No motion for extension of time to file these documents was filed by October 14, 2004, or has been filed as of the date of this motion.

7.  On information and belief, the Debtor has only one (1) asset, an apartment complex in Harvey, Louisiana, per Schedule A. On further information and belief, the Debtor is not in possession and control of this single real estate asset because it is in the possession and control of a "keeper" or receiver appointed under Louisiana law. This Bankruptcy Court ruled on October 6, 2004, that it " . . .abstains from any proceedings involving the Arlington Apartments located in Harvey, Louisiana. . ." Therefore, the Debtor is not in any legal position to reorganize or dispose of this asset in this bankruptcy proceeding or in any chapter 7 bankruptcy proceeding.

## **STATUTORY AUTHORITY**

8.  Section 1112(e) of the Bankruptcy Code states -

    (e) . . . the court, on request of the United States Trustee, may convert a case

under this chapter or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate if the debtor in a voluntary case fails to file, within fifteen days after the filing of the petition commencing such case or such additional time as the court may allow, the information required by paragraph (1) of section 521, including a list containing the names and addresses of the holders of the twenty largest unsecured claims ( or all of the unsecured claims if there are fewer than twenty unsecured claims), and the approximate dollar amounts of each of such claims.

9. Section 1112(b) of the Bankruptcy Code states, in pertinent part, -

(b) . . . , on request of a party in interest or the United States Trustee . . ., and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including–

    (1) continuing loss to or diminution of the state and absence of a reasonable likelihood of reasonable likelihood of rehabilitation;

    (2) inability to effectuate a plan; and

    (3) unreasonable delay by the debtor that is prejudicial to creditors;

10. Furthermore, BLR 1017(a) sets forth the grounds for dismissal for "want of prosecution" which include, but are not limited to:

    (1) Failure to file complete schedules on time;

    (4) Failure to file timely the prescribed mailing list of creditors in the form in Appendix C;

## ARGUMENT

11. The UST would argue that by failing file a mailing matrix, schedules and a statement of financial affairs, the Debtor has preventing the setting and holding of a 341 meeting of creditors which constitutes unreasonable delay for creditors and constitutes cause for dismissal of this case pursuant to 11 USC §§1112e and  1112(b)(3) and BLR 1017(a) (1) and (4).

12. The UST would further argue that until and unless this Debtor regains possession and control of the subject apartment complex in Harvey, Louisiana, through state court process, that there is no possibility of bankruptcy reorganization of this Debtor or even liquidation of this Debtor by a chapter 7 trustee.

       WHEREFORE, the United States Trustee respectfully requests that this Court enter an order dismissing this chapter 11 case and directing the Debtor to pay the appropriate fees to the Court and to United States Trustee or such other and further relief as is appropriate.

Dated: October 19, 2004.                               Respectfully submitted,

                                                                          RICHARD W. SIMMONS
                                                                          UNITED STATES TRUSTEE

                                                                          By:<u>/s/ Nancy L. Holley</u>
                                                                             Nancy L. Holley, Attorney
                                                                             Texas State Bar #09875550
                                                                             515 Rusk, Ste. 3516
                                                                             Houston, Texas 77002
                                                                             (713) 718-4650: Telephone
                                                                             (713) 718-4680: Facsimile

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the <u>UNITED STATES TRUSTEE'S UNOPPOSED MOTION TO DISMISS BANKRUPTCY CASE</u> was served upon the Debtor by ECF transmission and by United States mail, first class, postage prepaid on the 20th day of <u>October</u>, 2004, at the addresses indicated below. **Notice has not been given to all creditors for the reason that the Debtor has not filed a mailing matrix.**

**Debtor:**
Cyrus II Limited Partnership
806 Main Street
Suite 1210
Houston, TX  77002

**Debtor's Counsel:**
P.J.Murphey Harmon
Law Office of P.J. Murphy Harmon
4140 Bank of America Center
Houston, TX  77002

**Parties In Interest or Requesting Notice:**
Joseph G. EpsteinWinstead Sechrest & Minick, P.C.
910 Travis
Houston, TX   77002

R. Patrick Vance
Nan Roberts Eitel
Corinne G. Hufft
Jones, Walker, Waechter, Poitevent,
  Carrere & Denegre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100

Dean W. Ferguson
1221 McKinney, Suite 4400
Houston, TX   77010

Emile L. Turner, Jr.
Law Office of Emile L. Turner, Jr., L.L.C.
424 Gravier Street
New Orleans, LA   70130

Parish of Jerrerson
Property Tax Division
200 Derbigny Street, 1st Floor
Gretna, LA   70054

Robin B. Cheatham
Adams & Reese, LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA   70139

/s/ Nancy L. Holley
Nancy L. Holley, Attorney
Texas State Bar #09875550
515 Rusk, Ste. 3516
Houston, Texas  77002
(713) 718-4650: Telephone
(713) 718-4670: Facsimile

```
United States Trustee's Motion To Dismiss
Page 5
```